UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISCTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

RONALIA BAKER,

    Plaintiff,

v.

WAL-MART STORES EAST, L.P
a foreign corporation.

    Defendant.
_____/

## DEFENDANT, WAL-MART STORES EAST, L.P.' S, NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P. ("Walmart"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 2021-CA-000338, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.    FACTUAL BACKGROUND

1. On April 13, 2021, Plaintiff filed her Second Amended Complaint against Walmart in the Ninth Judicial Circuit Court in and for Orange County, Florida. *See* Pl.'s Second Amend. Compl. attached as Ex. "A".

2. Plaintiff alleges a claim for negligence against Walmart as a result of an injury about her body and extremities that she allegedly sustained when she tripped and fell on February 19, 2017, while at the Walmart store located at 5559 Clarcona Ocoee Road., Orlando, FL. *See* Ex. "A" at ¶ ¶ 4, 5, 9.

3. Specifically, Plaintiff alleges that she tripped and fell on an outdoor sprinkler head located near the sidewalk. *Id.* at ¶ 5.

4. Plaintiff alleges that Walmart was negligent insofar as it failed to maintain its property and premises in a reasonably safe condition. *Id.* at ¶ ¶ 7, 8.

5. The Plaintiff alleges that she is a resident and citizen of Orange County, Florida. *Id.* at ¶ 2.

6. On or about February 10, 2021, prior to serving the Second Amended Complaint, Plaintiff submitted a demand letter ("Demand Letter") which indicated that Plaintiff suffered ***injuries to her right leg, right knee, neck, lower back, and right shoulder.*** *See* redacted Demand Letter attached as Ex. "B"[1].

7. According to the Demand Letter, Plaintiff underwent right knee surgery, which was preceded by physical therapy to her right leg and lower

---

[1] Walmart has not filed the entire complement of medical records which Plaintiff submitted with her Demand Letter in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Walmart will provide same for an in camera inspection.

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

back. *Id.*

8.  As per her demand letter, as of February 10, 2021, Plaintiff's past medical bills totaled $82,827.00, which alone are alleged to exceed the jurisdictional threshold of this Court. *Id.*

9.  Notably, Plaintiff's pain and suffering are allegedly permanent and will require future medical care as well. *See* Ex. "A" at ¶ 17.

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

11. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Ninth Judicial Circuit in and for Orange County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "C".

12. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Walmart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Second Amended Complaint. Plaintiff's Second Amended Complaint is the pleading setting forth the claim for relief upon which

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Plaintiff's action is based. The thirty (30) day period commenced on April 13, 2010, when Plaintiff filed her Second Amended Complaint.

14. Prior to the service of Plaintiff's Second Amended Complaint, Plaintiff sent Walmart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her alleged February 19, 2017 incident.

15. Venue exists in the United States District Court for the Middle District of Florida, Orlando Division, because the Ninth Judicial District in and for Orange County, where Plaintiff filed her state court Second Amended Complaint is located in Orange County Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

   **A.   Citizenship of RONALIA BAKER.**

17. Plaintiff is a resident of Orange County, Florida. *See* Ex. "A" at ¶

4

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

2. Although Plaintiff's Second Amended Complaint does not state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla.) (Cohn, J) (internal citations omitted).

18. Plaintiff's Orange County, Florida's residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

**B. Citizenship of WAL-MART STORES EAST, L.P.**

19. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a foreign limited partnership which is, and was at the time the above captioned case was filed in State Court, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Composite Ex. "D." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

filing the Second Amended Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Second Amended Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Second Amended Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Second Amended Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Second Amended Complaint was filed and presently, incorporated in the State of Delaware.

The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Second Amended Complaint, Bentonville, Arkansas.

## AMOUNT IN CONTROVERSY

20. The amount in controversy exceeds $75,000.00. Although Plaintiff's Second Amended Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's Demand Letter and medical bills and records that her claimed damages exceed the jurisdictional minimum in this Court of

$75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

23. The relevant portions of Plaintiff's Demand Letter conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, Plaintiff has allegedly suffered various injuries to her right leg, right knee, neck, lower back, and right shoulder, which allegedly required her to undergo physical therapy and right knee surgery. Upon information and belief, Plaintiff's past medical bills totaled ***$82,827.00*** and alone are alleged to exceed the jurisdictional threshold of this Court. In addition to Plaintiff's alleged medical condition, Plaintiff's Second Amended Complaint alleges that Plaintiff lost the enjoyment of life, loss of earnings and impairment of earning capacity and her injuries are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. *See* Ex. "A." at ¶ 9.

24. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

25. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's June 18, 2020 Demand Letter in this case, it was based on medical records provided by the plaintiff. *Id.*

26. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, Case No. 8:10-cv-659-T-33TGW, 2010 U.S. Dist. Lexis 59119, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

27. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted

a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

28. Here, Plaintiff's Demand Letter alleges Plaintiff's economic damages alone to be in excess of $82,827.00 as it is based on the following:

   a. Plaintiff's past medical bills in the approximate amount of ***$82,827.00***;

   b. Future medical care. *See Katz,* 2009 WL 1532129 at 4;

   c. Significant and continuing pain and suffering;

   d. Loss of earnings and an impairment of earning capacity.

29. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Walmart has shown by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Walmart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No.2021-CA-000338, on the docket of the Court for the Ninth Judicial Circuit in and for Orange County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Dated: May 13, 2021

                                         Respectfully Submitted,

                                         **/s/ J. David Atkins**
                                         Jerry D. Hamilton

Florida Bar No.: 970700  
jhamilton@hamiltonmillerlaw.com  
William H. Edwards  
Florida Bar No. 43766  
wedwards@hamiltonmillerlaw.com  
HAMILTON, MILLER & BIRTHISEL, LLP  
150 Southeast Second Avenue, Suite 1200  
Miami, Florida 33131  
Telephone: (305) 379-3686  
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2021, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

**/s/ Will H. Edwards**  
Will H. Edwards, Esq.

## SERVICE LIST

*Attorneys for Plaintiff*

D. Riccardo Paige, Sr., Esq.  
Florida Bar No. 539406  
The Paige Law Firm, P.A.  
619 S. Commerce Avenue  
Sebring, Florida 33870  
Telephone:  863-658-0893  
Facsimile:   863-658-0896  
driccardopaige@yahoo.com